MODESTO ESCUDERO, Petitioner and Appellant, *v.* DISTRICT COURT OF SAN JUAN, Respondent and Appellee.

No. 9259. Argued January 14, 1946.—Decided January 25, 1946.

*Joaquín Velilla* for appellant.    *Charles R. Hartzell* and *José·L. Novas*
for intervener, plaintiff in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Juan J. Alba, appellee herein, seeks the dismissal, on the
ground of frivolousness, of the appeal taken by Modesto Es-
cudero before the full court from the order rendered on No-
vember 14, 1945, by Mr. Justice de Jesús as Acting Judge in
Vacation, in civil case No. 159, *Modesto Escudero* v. *District
Court of San Juan.*    Said order reads thus:

"On November 10, 1944, the Office of Price Administration issued
a certificate (OPA Form–D–7) authorizing Juan J. Alba to take
the proper legal steps in order to recover the possession of a certain
house belonging to him situated at 21–B Loíza St., Santurce, which
was occupied by the tenant Modesto Escudero.    Said certificate set
forth the condition that the action could not be brought before
January 26, 1945.    Alba then instituted an unlawful detainer pro-
ceeding in the Municipal Court of San Juan, Second Section, but
since after the filing of the complaint he accepted the payment of
lease rentals which had become due subsequently, the court dismissed
the complaint on that ground.    Two or three months later, and with-
out obtaining a new certificate from the O.P.A., Alba filed another
action of unlawful detainer against Escudero in the Municipal Court
of San Juan, Third Section.    The court rendered judgment for
plaintiff on the merits of the case.    The defendant appealed to the
District Court of San Juan which also rendered judgment decreeing
the eviction of the defendant.    The defendant thereupon applied to
the writer of this opinion, who was then acting as Judge in Vacation,
for a writ of certiorari.

"In the certiorari petition it was alleged that the district court
had acted without jurisdiction because the appellee, upon filing the
second complaint in the Municipal Court of San Juan, Third Section,
had failed to obtain a new certificate from the O.P.A., appellant
alleging that the first certificate had been set aside by the judgment
of the Municipal Court of San Juan, Second Section, dismissing the
complaint.

"There is no provision in the 'Emergency Price Control Act' or in its Regulations establishing such a limitation to the certificate in question, as asserted by the defedant. This being so, and there being no showing that the circumstances of the second unlawful detainer proceeding were any different from those of the first proceeding, the lower court acted correctly in refusing to dismiss the action of unlawful detainer on that ground.

"For the aforesaid reasons the writ issued is quashed and the record of this case must be remanded to the lower court."

Appellant's principal contention in his written opposition to the dismissal sought as well as in his oral argument at the hearing, is that the certificate issued by the Rent Division expired or was vacated when the first action of unlawful detainer instituted by Alba was dismissed and that the latter was estopped from bringing a new action because he had allowed several months to elapse after January 27 when he could have brought the action.

We are of the opinion, as set forth by Mr. Justice De Jesús, that there is nothing in the Emergency Price Control Act or in the Regulations approved for its execution which would require the owner of a property in whose favor a certificate is issued to bring an action of unlawful detainer on the exact date when said certificate goes into effect. It does provide, however, that he may not bring the action a single day before its effectiveness. The fact that several additional months were allowed to the tenant to move may not be contended as prejudicial to him. Neither do we find any provision in the Act or its Regulations barring the owner from collecting the lease rentals until such time as the lease expires and he institutes the unlawful detainer proceeding after the certificate becomes effective.

The appeal herein is clearly frivolous and should be dismissed.

Mr. Justice De Jesús did not participate herein.